Brooker v. Powell                          CV-92-401-SD  01/23/95
                  UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Scott/Philip Brooker

        v.                                    Civil No. 92-401-SD

Ronald Powell, et al


                              O R D E R


      Plaintiff moves in limine to bar use by the defendants of
his record of criminal convictions in the course of trial of this
civil action.  Document 58.  Defendants object.  Document 59.

      The thrust of plaintiff's case is that the Sex Offender
Program at New Hampshire State Prison (NHSP), wherein he is
currently confined, lacked efficacy as applied to him.
Defendants have put plaintiff on notice that they will introduce
his criminal convictions at trial.

      The admissibility of the evidence at trial is governed
generally by the provisions of Rule 609(a), Fed. R. Evid.  In
relevant part, under that rule, convictions which call for
imprisonment "in excess of one year . . . shall be admitted if
the court determines that the probative value of admitting this
evidence outweighs its prejudicial effect."  Id.  The term limits
for such admissibility run ten years "since the date of the

conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date."  Rule 609(b).

As plaintiff is still serving the confinement imposed by his convictions, the convictions sought to be admitted are timely. And, as required, application of the general balancing rule of Rule 403, Fed. R. Evid.; <u>United States v. Figueroa</u>, 976 F.2d 1446, 1456 (1st Cir. 1992), <u>cert. denied</u>, ___ U.S. ___, 113 S. Ct. 1346 (1993), require a finding, here made, that in the circumstances of this case, the probative value of admission of such convictions is not substantially outweighed by the danger of unfair prejudice to plaintiff.  The admissibility of the convictions will be accompanied by a proper limiting instruction, and accordingly the motion in limine must be and it is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 23, 1995

cc:  Scott/Philip Brooker, pro se
     William C. McCallum, Esq.

2